IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR PETROSYAN,

        Plaintiff,                    No. CIV S-06-2683 FCD EFB P

        vs.

SACRAMENTO STATE PRISON,
et al.,

        Defendants.            ORDER

                                  /

       Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

       Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

/////

/////

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

A prisoner who claims his Eighth Amendment guarantee against cruel and unusual punishment has been violated by inadequate medical care must allege that on a specific day an identified state actor with individual responsibility for obtaining or providing medical care knew the prisoner faced substantial risk of serious harm but deliberately disregarded the risk by failing to take reasonable measures resulting in avoidable persistent severe pain or avoidable substantial personal injury. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

/////

1  Plaintiff is admonished that by signing an amended complaint he certifies he has made
2 reasonable inquiry and has evidentiary support for his allegations and that for violation of this
3 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.
4 Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may
5 be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code
6 Regs. tit. 15, § 3005.

7  A prisoner may bring no § 1983 action until he has exhausted such administrative
8 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
9 *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an
10 amended complaint he certifies his claims are warranted by existing law, including the law that
11 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
12 his action.

13  Accordingly, the court hereby orders that:

14  1. Plaintiff's request to proceed *in forma pauperis* is granted.

15  2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
16 accordance with the notice to the Director of the California Department of Corrections and
17 Rehabilitation filed concurrently herewith.

18  3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an
19 original and one copy of the amended complaint, which must bear the docket number assigned to
20 this case and be titled "First Amended Complaint."  Failure to file an amended complaint will
21 result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files
22 an amended complaint stating a cognizable claim the court will proceed with service of process
23 by the United States Marshal.

24 Dated:  February 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3