IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR PETROSYAN,

       Plaintiff,

vs.

SACRAMENTO STATE PRISON, et al.,

       Defendants.

No. CIV S-06-2683 FCD EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On February 11, 2008, his complaint was dismissed for failure to state a claim. He was granted leave to amend within 30 days. On March 20, 2008, he filed a request for an extension of time to file an amended complaint. *See* Fed. R. Civ. P. 6(b). He has now filed his amended complaint.

The court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it, too, fails to state a claim.

////

////

////

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff alleges that x-rays were taken of his knee and then were lost, and that because of this his treatment was delayed and he suffered pain. Plaintiff claims that the loss of the x-rays was due to negligence. Plaintiff does not allege, however, that any of the named defendants lost the x-rays.

To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). Despite leave to amend, plaintiff fails, once again, to state a claim in his amended complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 20, 2008, motion for extension of time is granted and plaintiff's amended complaint is deemed timely filed.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: April 22, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE